UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARIA SANTOS and JOSE SANTOS,                          Civil Action No.

                *Plaintiffs*,

                             COMPLAINT

                v.

                             PLAINTIFF DEMANDS
                             TRIAL BY JURY

UNITED STATES OF AMERICA,

                *Defendant*.
------------------------------------------------------------------------X

        Plaintiffs MARIA SANTOS and JOSE SANTOS ("Plaintiffs"), by their attorneys, THE PAGLINAWAN FIRM, P.C., complaining of defendant UNITED STATES OF AMERICA ("Defendant"), allege, upon information and belief, as follows:

## THE PARTIES, JURISDICTION, AND VENUE

        1.     The United States District Court for the Southern District of New York has jurisdiction of this action pursuant to 28 U.S.C. 1346(b).

        2.     Pursuant to 28 U.S.C 1402(b), the United States District Court for the Southern District of New York is the proper venue for this action because it is the district where the alleged negligent acts and omissions occurred.

        3.     At all relevant times, defendant UNITED STATES OF AMERICA ("Defendant") maintained, owned, and operated a facility known as the New York Harbor VA Healthcare System, located at 423 East 23rd Street, New York, New York 10010.

        4.     At all relevant times, the medical, nursing, and health care professionals who rendered services to plaintiff MARIA SANTOS were Defendant's agents, servants, and/or employees.

5. At all relevant times, plaintiff MARIA SANTOS was entitled to be treated by Defendant's staff following good and accepted standard of care.

6. At all relevant times, the diagnoses and treatment provided to plaintiff MARIA SANTOS by Defendant's staff were performed within the course of their employment and relationship with Defendant.

7. At all relevant times, Defendant held itself out to the public, and to plaintiff MARIA SANTOS in particular, as providing and employing medical, nursing, and other healthcare personnel possessing the proper degree of learning, skill, and expertise to provide the necessary treatment and care to plaintiff MARIA SANTOS.

8. Continuously from August 16, 2005 to the present, Plaintiffs have been legally married.

9. On or about July 24, 2019. Plaintiffs timely filed an administrative tort claim pursuant to 28 U.S.C. 1346(b).

10. On or about May 20, 2020, Plaintiffs' counsel received a letter dated March 31, 2020, denying Plaintiffs administrative tort claim.

## COUNT I.
## MEDICAL MALPRACTICE

26. Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

27. From on or about December 31, 2015 through May 5, 2019, and prior thereto, plaintiff MARIA SANTOS sought the professional care of Defendant for certain medical and gynecological complaints, including, but not limited to, symptomatic macromastia, hypertension, hyperlipidemia, diabetes, and related medical problems, and Defendant, its agents, servants, and

employees rendered medical, surgical, and nursing care, diagnosis, treatment, and services to Plaintiff.

28. The above medical, gynecological, surgical, and nursing care, diagnosis, treatment, and services rendered to plaintiff MARIA SANTOS were rendered carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical, gynecological, surgical, and nursing care, diagnosis, treatment, and services in the community because, among other things, Defendant: (a) failed to properly for perform a bilateral breast reduction on August 9, 2017 on plaintiff MARIA SANTOS causing her breast deformity, asymmetry, scars, and pain; and (b) failed to properly treat plaintiff MARIA SANTOS' hypertension, hyperlipidemia, diabetes, and related medical problems prior to March 27, 2019.

29. By reason of the above, plaintiff MARIA SANTOS has sustained great pain, agony, injury, suffering, hospitalization, as well as mental anguish and emotional distress.

## COUNT II:
## NEGLIGENT SUPERVISION

30. Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

31. Defendant was negligent in supervising its resident Oriana Cohen, M.D., who performed a bilateral a bilateral breast reduction on August 9, 2017 on plaintiff MARIA SANTOS, at which time, this resident did not possess the requisite knowledge, experience, and skill of medical professionals in the community.

32. Defendant was further negligent in hiring, retaining, and supervising medical personnel, who were careless, unskillful, and negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

33.     By reason of the above, plaintiff MARIA SANTOS has sustained great pain, agony, injury, suffering, hospitalization, as well as mental anguish and emotional distress.

COUNT III:<br>LACK OF INFORMED CONSENT

34.     Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

35.     Defendant, its agents, servants, and employees failed to inform plaintiff MARIA SANTOS or her representative of the reasonably foreseeable risks of the bilateral a bilateral breast reduction, including, but not limited to, breast deformity, asymmetry, scars, and pain, which a reasonable medical practitioner in similar circumstances would have disclosed, in consequence of which Defendant failed to obtain informed consent thereto.

36.     Defendant, its agents, servants, and employees also failed to inform plaintiff MARIA SANTOS or her representative of the experience, title, and training of Oriana Cohen, M.D. prior to performing a bilateral a bilateral breast reduction on plaintiff MARIA SANTOS, which a reasonable medical practitioner in similar circumstances would have disclosed, in consequence of which Defendant failed to obtain informed consent thereto.

37.     A reasonably prudent person in the position of plaintiff  MARIA SANTOS would not have undergone the procedure if s/he had been fully informed.

38.     The lack of informed consent alleged herein is a proximate cause of the injuries, conditions, and disabilities for which recovery is sought.

39.     By reason of the above, plaintiff MARIA SANTOS has sustained great pain, agony, injury, suffering, hospitalization, as well as mental anguish and emotional distress.

## COUNT IV: LOSS OF CONSORTIUM

40. Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

41. At all pertinent times, plaintiff JOSE SANTOS was the lawful spouse of plaintiff MARIA SANTOS.

42. As a result of Defendant's acts and omissions, plaintiff JOSE SANTOS was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship.

43. The aforesaid injuries and damages were caused solely and proximately by Defendant's negligent acts and omissions.

WHEREFORE, Plaintiffs request that the Court award then:

(a) The sum of $1,000,000 in compensatory damages for each cause of action;

(b) Costs and reasonable attorney's fees incurred with this lawsuit with interests thereon; and

(c) Other damages and further relief as deemed just.

Dated: Forest Hills, New York
September 28, 2020

        THE PAGLINAWAN FIRM, P.C.
        *Attorneys for plaintiffs MARIA SANTOS*
        *and JOSE SANTOS*
        118-21 Queens Blvd., Suite 501
        Forest Hills, NY 11370
        718-576-2544

BY: _____
        James S. Paglinawan, Esq. (JP 1650)
        EMAIL: jamesp@paglinawanfirm.com